**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TRUSTEES OF THE OPERATING
ENGINEERS LOCAL 324 PENSION FUND,

                Plaintiffs,

                                            Case No. 14-14906

        v.                           HON. TERRENCE G. BERG

HAYES WASHED SAND & GRAVEL
COMPANY, INC.,

                Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR SUMMARY
JUDGMENT (DKT. 9)**

      Before the Court is a motion for summary judgment filed on February 20,

2015 by Plaintiffs in this matter, the Trustees of the Operating Engineers Local 324

Pension Fund, (Dkt. 9.)  On March 30, 2015, the Court took the motion under

advisement without oral argument pursuant to E.D. of Mich. L.R. 7.1(f)(2).  (Dkt.

11.)  For the reasons that follow, Plaintiff's motion for summary judgment **IS

GRANTED**.

## I.  FACTUAL BACKGROUND

      The Operating Engineers Union, Local 324, created the pension trust fund

with participating employers pursuant to a collective bargaining agreement.  (Dkt.

1, p. 2.)  Plaintiffs administer the fund.  (*Id.*)  The fund is governed under the

provisions of the Employee Retirement Income Security Act of 1974 ("ERISA").  (*Id.*)

Defendant Hayes Washed Sand & Gravel Co. was a participating employer with an

obligation to contribute to the fund under the terms of the collective bargaining agreement.  (*Id.* at pp. 2-3.)

On or about May 1, 2011, Defendant withdrew from the pension fund, thereby incurring withdrawal liability under ERISA.  (*Id.* at p. 3.)  As a result, Plaintiffs sent Defendant a demand for $964,139 in payment for its withdrawal liability on December 17, 2013.  (Dkt. 9, Ex. A.)  The demand letter required Defendant to make quarterly payments of $27,626.40 beginning on February 17, 2014.  (Dkt. 1, p. 4.)

Defendant refused to comply with Plaintiffs' demand for payment.  Though Defendant made a partial payment on the first quarterly installment on March 28, 2014, it thereafter refused to make additional payments.[1]  (*Id.* at p. 4.)  Instead, Defendant filed a request for review and demand for arbitration regarding its assessed withdrawal liability.  (*Id.*)

Seeking payment, Plaintiffs filed suit against Defendant on December 29, 2014, arguing that 29 U.S.C. § 1401(d) requires Defendant to make interim withdrawal liability payments during the pendency of arbitration.  (*Id.*)  In its answer, Defendant denied any requirement to make interim withdrawal liability payments in this matter.  (Dkt. 4, p. 3.)

On February 20, 2015, Plaintiffs filed a motion for summary judgment.  (Dkt. 9.)  In its response, Defendant conceded that interim liability payments are

---

[1] To date, Defendant has failed to make a total of $139,386.66 in installment payments.  This figure includes $1,254.66 due from Defendant's original payment as well as missed quarterly installments for May 17, 2014, August 17, 2014, November 17, 2014, February 17, 2015 and May 17, 2015.

required during the pendency of arbitration.  (Dkt. 13, pp. 1-2.)  Plaintiffs' motion

for summary judgment is therefore unopposed.[2]

## II. ANALYSIS

### A. Standard of Review

"Summary judgment is appropriate if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with any affidavits, show that

there is no genuine issue as to any material fact such that the movant is entitled to

a judgment as a matter of law."  *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563,

568 (6th Cir. 2013); *see also* Fed. R. Civ. P. 56(a).  A fact is material only if it might

affect the outcome of the case under the governing law.  *See Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 249 (1986).  On a motion for summary judgment, the

Court must view the evidence, and any reasonable inferences drawn from the

evidence, in the light most favorable to the non-moving party.  *See Matsushita Elec.

Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted);

*Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

"As the moving parties, the defendants have the initial burden to show that

there is an absence of evidence to support [plaintiff's] case."  *Selhv v. Caruso*, 734

F.3d 554 (6th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party "'may not rest

---

[2] Defendant concedes that "there is no reasonable basis to oppose" Plaintiffs' motion for summary judgment.  If so, it is not clear why the parties have been unable to settle this matter and stipulate to an entry of judgment.  In future similar cases, counsel are encouraged to consider such a course of action in order to preserve resources—both their own as well as the Court's.

3

upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial.'" *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (citing *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.2009)).

### B. Discussion

As stated previously, Defendant does not oppose Plaintiffs' motion for summary judgment. "A trial court, in reviewing a motion for summary judgment, holds the moving party to the burden established by the plain language of Rule 56: to show 'that there is no genuine issue as to material fact, and that the moving party is entitled to a judgment as a matter of law.' The fact that the non-moving party does not respond, or that the motion may otherwise seem to be unopposed, does not change this requirement or lessen the burden on the moving party or the court." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992). Thus, though Plaintiffs' motion stands unopposed, the Court must nonetheless consider "supporting evidence and [determine] whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013).

Here, it is undisputed that Defendant withdrew from the plan and incurred withdrawal liability on or about May 1, 2011. Under 29 U.S.C. § 1381(a):

> If an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability.

4

Moreover, Defendant does not dispute that Plaintiffs provided notice of withdrawal liability as required under 29 U.S.C. § 1399.

Defendant only questioned whether 29 U.S.C. § 1401(d) requires Defendant to make interim payments during the pendency of arbitration. The Sixth Circuit has addressed this precise question and has squarely held that defendants must make interim withdrawal liability payments under § 1401(d) during the pendency of arbitration. *See Findlay Truck Line, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 726 F.3d 738, 753 (6th Cir. 2013) (citing 29 U.S.C. § 1401(d) which states that "[p]ayments *shall* be made by the employer ... until the arbitrator issues a final decision with respect to the determination submitted for arbitration....") (emphasis added). Defendant now concedes that this is the law. There is no question of fact regarding Defendant's failure to make interim withdrawal liability payments because the record unequivocally establishes that Defendant has failed to make such payments during the pendency of arbitration. Consequently, both Defendant's legal obligation to make such payments during the arbitration, and the fact of Defendant's having failed to do so, are not in dispute. Accordingly, the Court finds that Plaintiffs have carried their burden and are entitled to summary judgment.

## III.   CONCLUSION

For the reasons explained above, the Court finds that Plaintiffs have met their burden of showing that there is no genuine issue of material fact concerning

their entitlement to payment.  Therefore, Plaintiffs' motion for summary judgment,

(Dkt. 9), **IS GRANTED**.

**SO ORDERED.**

Dated:  June 23, 2015                          s/Terrence G. Berg
                                               TERRENCE G. BERG
                                               UNITED STATES DISTRICT JUDGE


**Certificate of Service**

I hereby certify that this Order was electronically submitted on June 23, 2015, using the CM/ECF system, which will send notification to all parties.

                                               s/A. Chubb
                                               Case Manager